This is a workmen's compensation case.
The petitioner, Norma Lee Lingo, was an employee of Dixie Veneer Company, a corporation, of Abbeville, Alabama on October 21, 1973, and was injured while in the line and scope of her employment when she fell some thirty feet onto some logs and a concrete floor. At the time of the fall, petitioner was placing logs on a conveyor belt. The fall resulted in injury to her lower back.
Petitioner filed an action in the trial court asking that it find she was suffering a job-related disability of seventy-five percent and to award her compensation commensurate with that finding. The respondent denied that petitioner was seventy-five percent disabled and asked that she not be awarded any further compensation. After a hearing the trial court found that petitioner was suffering a thirty percent disability to the body as a whole and awarded compensation accordingly. Petitioner seeks here a review of that judgment.
Petitioner's first contention is that the trial court failed to comply with Title 26, Section 304, Code of Alabama 1940 *Page 592 
(Recomp. 1958) in that it did not file a "statement [of] facts and conclusions [of law]" with its judgment.
Section 304 provides in part as follows:
 ". . . At the hearing or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury . . . decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge."
Petitioner further says that even if there has been a compliance with section 304, the findings of the court are so meager as to preclude a review of the judgment based thereon.
In Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 the supreme court said:
 "When the trial court completely fails to comply with the provisions of § 304, Title 26, supra, the judgment of the trial court will be reversed by this court. But a substantial compliance will suffice. And we have held that where the trial court's finding of fact is merely meager and omissive, this court will look to the evidence in the case to see if on any reasonable view of the evidence the judgment of the court can be sustained." (Citations omitted.)
In the case at bar the trial court entered a judgment in which it made findings of fact that petitioner was an employee of respondent at the time of her injury, that she was injured on the job, that respondent had notice of her injury, that her average weekly wage at the time of injury was $66.43, that she received injuries to the lower back, that there was medical testimony that she would suffer a twenty-five percent disability, that she had been unable to work since her injury, that there was evidence relating to the extent of her education and past employment record and that the court observed the petitioner while in the courtroom and on the stand.
The court concluded that petitioner had suffered a thirty percent permanent partial disability to the body as a whole and was entitled to receive compensation pursuant to Title 26, Section 279 (C)6, Code of Alabama 1940 (Recomp. 1958) at the rate of $66.44 for 300 weeks less 43.2 weeks for compensation previously received, which is 256.8 weeks multiplied by $13.30 per week, which is two-thirds of $66.44 multiplied by thirty percent.
We find there has been a substantial compliance with section 304 so far as making findings of fact and conclusions of law is concerned and there is no error in this aspect of the trial court's judgment.
Petitioner next says that the trial court committed reversible error by failing to find that she had suffered a permanent partial loss of ability to earn.
Petitioner's contention is correct; the trial court nowhere in its findings of fact found that petitioner had suffered a permanent partial loss of ability to earn a living. The trial court instead found that petitioner had suffered a thirty percent permanent partial disability to the body as a whole.
In B.F. Goodrich Co. v. Martin, 47 Ala. App. 244,253 So.2d 37, this court said:
 "It is thus clear under the statute and decisions of our appellate courts hereinafter cited, that the criteria for determining permanent partial disability for purpose of compensation is not controlled by a finding of physical disability of the body as a whole. Compensation is awarded on the basis of permanent partial loss of ability to earn. Without such finding of fact there can be no award. We emphasize that physical disability may be inextricably involved but not necessarily or exclusively so. The requirements as to the finding of a decreased ability to earn resulting from a compensable non-scheduled injury are ably discussed in Goodyear Tire Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278, and Ala. By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215. We further *Page 593 
recommend Larson's Workmen Compensation Law, Vol. 2, Section 57."
Again, in Brooks v. Crimson Homes, Inc., 51 Ala. App. 252,284 So.2d 279, this court said, in answer to the same contention:
 ". . . there was no finding of fact as to the loss of ability to earn, but there was evidence in the record as to the earnings of respondent at the time of his injury, his earnings at the time of trial, his limited education, the limitation of his work experience to manual skills, his constant suffering and pain from the injury, and the prediction by the attending physician that respondent could not do manual labor.
 "There being no finding in the trial court's judgment of a permanent partial loss of ability to earn, this case must be reversed for there is no basis for the award. It must therefore be remanded to the trial court for the ascertainment of the existence of a permanent partial disability to earn, if there be any."
Likewise, in the case at bar there was evidence in the record as to the earnings of petitioner at the time of her injury, her limited education, the limitation of her work experience to manual skills, and her inability to work at her job since the injury. But, there was no finding of a loss of ability to earn, and, without such a finding there is no basis for an award. Regretfully, we have no alternative but to reverse the judgment and remand the case to the trial court.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.