HOLMES, Judge.
This is a workmen’s compensation case.
The employee, Vicky Sue Ashley, was employed as a sewing machine operator at Blue Bell, Inc., in Red Bay, Alabama. Ms. Ashley’s job required her to move bundles of pants panels to her work station. While moving some “bundles” she injured her back. The injury occurred in the line and scope of her employment.
Ms. Ashley filed suit against Blue Bell, Inc., for workmen’s compensation benefits. Trial was had and compensation was awarded to the employee in the amount of $1,846.08.
Ms. Ashley appeals and in part contends that the trial court erred to reversal in failing to make a finding as to her loss of ability to earn. We agree.
The trial court’s pertinent finding was that Ms. Ashley suffered a 12.5% permanent partial disability to the whole body. The above mentioned compensation was then awarded. However, this finding is insufficient as a matter of law. Put another way, there must be a finding as to the employee’s loss of ability to earn.
In this instance, under the Alabama workmen’s compensation laws, compensa *113 tion is awarded on the basis of loss of ability to earn. Lingo v. Dixie Veneer Co., Ala.Civ.App., 349 So.2d 591 (1977). Without a finding of fact as to the loss of ability to earn, there can be no award. Lingo, supra; Brooks v. Crimson Homes, Inc., 51 Ala.App. 252, 284 So.2d 279 (1973); B. F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (1971).
With the above in mind, we reverse and remand to the trial court for the ascertainment of the existence of a permanent partial loss of ability to earn.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.