454 So.2d 988 (1984)
Michael E. LANKFORD
v.
INTERNATIONAL PAPER COMPANY.
Civ. 3933.
Court of Civil Appeals of Alabama.
March 28, 1984.
Rehearing Denied May 2, 1984.
Certiorari Denied July 20, 1984.
*989 James A. Yance and Jay A. York of Cunningham, Bounds, Yance, Crowder & Brown, Mobile, for appellant.
John N. Leach, Jr. of Coale, Helmsing, Lyons & Sims, Mobile, for appellee.
Alabama Supreme Court 83-856.
BRADLEY, Judge.
This is a workmen's compensation case.
Claimant, Michael Lankford, is an employee of the International Paper Company in Mobile County, Alabama. In April 1981 Lankford was injured in an on-the-job explosion at employer's plant. He applied for and received temporary total workmen's compensation benefits. Subsequently, Lankford filed an action seeking to recover permanent disability benefits.
After an ore tenus hearing on April 27, 1983, the trial court entered judgment in favor of employer and denied Lankford's claim for further benefits, finding claimant had not sustained any loss of earning capacity. Lankford's subsequent motion for a new trial was denied and he appeals.
Claimant argues here that the trial court erred in not finding that he suffered a loss in his ability to earn and that an employee may be compensated for an undisputed disability even though there is no actual impairment of earnings.
Before considering claimant's contentions, we note that in this case compensation under Alabama's workmen's compensation laws can be awarded only when there is a loss of ability to earn. Ashley v. Blue Bell, Inc., 401 So.2d 112 (Ala.Civ.App. 1981); Lingo v. Dixie Veneer Co., 349 So.2d 591 (Ala.Civ.App.1977); see § 25-5-57(a)(3)(g), Code 1975.
In the instant case the trial court determined that claimant had not sustained any impairment in earning capacity and denied him any benefits.
"The rule is well established that on certiorari to review workmen's compensation cases, we will not undertake an examination of the weight or preponderance of the evidence presented to the trial court. Instead, we will look to see if there is any evidence to support the facts found by the trial court. Unexcelled Manufacturing Corp. v. Ragland, *990 52 Ala.App. 57, 289 So.2d 626 ([Ala.Civ. App.] 1974)."
Florence Enameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.1978). Therefore, we must determine whether there was any evidence to support the trial court's finding that claimant suffered no impairment in his ability to earn.
The evidence revealed the following facts. Lankford is thirty-four years old. He has been a manual laborer for most of his working life and for the past eleven years has been employed at the International Paper Company, Mobile plant. He is currently holding the same position as he did before the injury, that of instrument electrical mechanic. The duties of this position require claimant to repair certain machines and equipment at the plant, some of which are located off the ground. Before the accident claimant often had to climb and lift tools and repair parts, and to exert a sizeable amount of body strength in order to perform these duties.
On April 22, 1981 Lankford was seriously injured when a steam boiler he was working on exploded. He was struck in the back by a piece of steel and knocked to the ground. As a result of the accident, claimant sustained a deep laceration to his back and left elbow, first, second, and third degree burns to his back, right arm, and left elbow, a fractured rib, and a ringing in the ears or "tinnitus" as was later diagnosed.
Lankford was hospitalized for six days and was not able to return to work for four to five weeks. During this time he received workmen's compensation payments. When he returned to work, claimant resumed the duties of instrument electrical mechanic but was restricted to light duty in the power house area and was restricted from any activity involving heavy lifting or climbing.
Lankford was treated by two doctors for the ringing in his ears. It was determined that Lankford had suffered some damage to the nerve endings in his ears from the explosion, but that he had suffered no hearing loss. One doctor recommended that claimant not work in areas where the noise levels were in excess of eighty to eighty-five decibels. Another doctor stated that Lankford should wear ear protectors if he works in a high noise area. Ear protectors are required by International Paper of all employees who work in high noise areas. Lankford was transferred to the sheet finishing department where the noise level was much lower. Although tinnitus can cause irritability, nervousness, and dizziness, it would not materially affect a person's ability to function on a daily basis, and with medication can be suppressed.
Lankford was also treated by two orthopedic surgeons for pain in his back. Recommended treatment was extra-strength Tylenol. Both doctors restricted Lankford from lifting heavy objects, and determined that he had suffered a twenty percent permanent partial disability to the body. One doctor opined that claimant could occasionally climb; that he could lift twenty to fifty pounds, and occasionally fifty to one hundred pounds, and that he could squat and bend, climb, crawl, and reach above shoulder level occasionally.
Lankford was also seen by a psychiatrist, who determined that claimant was having a mild anxiety reaction to the accident, but recommended no treatment.
There was testimony that another instrument electrician had been injured in an accident at employer's plant several years ago, but that he is still working at the plant as an instrument electrical mechanic and has had more restrictions placed on his activities than claimant.
Since his return to work, claimant has been able to perform the duties of instrument electrical mechanic, with restrictions on lifting, climbing, and working in noisy areas. When there is a strenuous lifting job involved, other workers are sent to assist Lankford, or else chain blocks are used. This type of assistance was also available to International Paper mechanics before Lankford's injury.
The evidence shows that at the time of his injury in 1981 Lankford made $37,978, or $13 an hour. In 1982 he earned $38,365 *991 and for the first four months of 1983 earned $17,904, or $15 per hour, plus overtime.
The evidence does show that mechanics in the power house area have the opportunity to work more overtime hours than do mechanics in the sheet finishing department. However, work assignments are made by the supervisors and an International Paper mechanic may receive work assignments to other areas of the plant. There is evidence, however, that Lankford has accumulated as many or more overtime hours working in the sheet finishing department. During the week of February 19, 1983, Lankford worked seventy-nine hours, thirty-nine hours of overtime in addition to his regular forty hours a week.
Lankford argues that his ability to earn has been impaired and that a comparison of his preinjury and postinjury earnings cannot be used as the determining factor that such an impairment does not in fact exist.
The rule is that postinjury earnings are but one factor for the court to consider in determining whether there has been a loss of earning capacity. Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957); Goodyear Tire & Rubber Co. v. Corfman, 424 So.2d 1326 (Ala.Civ.App.1982). But when an employee's postinjury earnings equal or exceed his earnings at the time of injury there exists a presumption of earning capacity. Such presumption however may be rebutted by (1) independent evidence of incapacity or (2) evidence tending to indicate that the postinjury earnings are an unreliable basis for estimating earning capacity. Downey, supra; Florence Enameling Co. v. Jones, supra. Factors which would indicate that postinjury earnings are an unreliable basis for estimating earning capacity include: an increase in general wage levels since the time of the accident; claimant's own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of postinjury earnings. Downey, supra.
We do not believe the presumption of earning capacity has been overcome in this case. The evidence shows that Lankford was injured on the job; however, there is also evidence that he has suffered no loss of earning capacity.
After the accident Lankford returned to the same position, that of instrument electrical mechanic, that he had prior to the accident. He has worked regularly and satisfactorily and is able to perform the duties connected with that job except for some restriction on lifting, climbing, and working in noisy areas. These restrictions are not as onerous as those placed on other employees of employer. Lankford is putting in about as many overtime hours as before the injury and, in fact, worked seventy-nine hours during a week in February 1983.
Lankford's argument that he will have a hard time finding suitable employment should he ever resign or get fired from International's employ is strictly speculative in nature. The evidence showed that International Paper's mechanics presently are in great demand and will be in great demand in the future due to the use of high technology in the manufacturing industries. We also consider the argument that claimant may not get as many overtime hours in the future as being speculative. Lankford's supervisor makes work assignments, and the trial court could have found that Lankford will be given an equal opportunity for overtime. Moreover, there was no evidence that Lankford's work assignments would be restricted to the finishing department. We conclude that there is legal evidence in the record to support the trial court's finding.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge, concurring specially:
I concur that there is some evidence to support the learned trial court's conclusion. However, I feel compelled to comment that, *992 as pointed out by able counsel for the employee, there is evidence that would have supported a finding of loss of ability to earn. The standard of review in workmen's compensation cases prevents this court from reaching any result other than to affirm.