WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Willie Royce Harrell, the employee, filed a complaint seeking disability benefits under the Alabama Workmen’s Compensation Act. He also sought payment of his medical expenses.
After an ore tenus hearing, the trial judge entered a final judgment. The judge found that Harrell had sustained a forty-six percent (46%) permanent partial disability and loss of ability to earn. Benefits were awarded accordingly. The employer, Hudson Transportation Co., a subsidiary of Hudson Industries, (hereinafter Hudson) filed a timely notice of appeal.

Facts

Harrell (claimant) was employed by Hudson as a truck driver. In September 1983 he was involved in a road accident and suffered a back injury. He received medical treatment and drew workmen’s compensation for several weeks. He returned to work and in January 1984, he re-injured his back while unloading his truck. Claimant was treated for a time by Dr. Joseph Keith, a neurosurgeon. While claimant was in the hospital, Keith called in Dr. Parker, an orthopedic surgeon. Claimant received temporary total compensation until released by Dr. Parker to return to work in April 1984. He again drove his truck, though in pain. He avoided lifting whenever possible, hiring workers to assist in unloading the truck. Such workers were paid by Hudson. In July 1984 claimant and other employees were laid off by Hudson due to downturn in business. Claimant's back pain intensified. In September 1984, Dr. Parker performed spinal fusion surgery upon claimant. Claimant testified he could not thereafter perform the duties of a truck driver.

Merits

The first issue presented by Hudson is that the judgment of the trial court is contrary to the evidence because the testimony of Dr. Parker was completely disregarded.
The basis of the argument of Hudson on this issue is the testimony of Dr. Parker that claimant suffered from spondylolisthe-sis, a congenital spinal defect, which had possibly existed since birth. That such defect was present is undisputed. However, Dr. Parker also testified that the road accident and the lifting incident could have acted upon and aggravated the condition and caused extreme pain. The latter testimony brings the case within an oft-stated principle of workmen’s compensation law.
That principle is that when a workman is employed, the employer takes him in his then existing physical condition. North Alabama Nursing Home, Inc. Borden, 442 So.2d 112 (Ala.Civ.App.1983). The material fact therefore is that claimant, while within the scope of his employment, suffered two accidents, each of which acted upon and aggravated his then existing physical condition. As a result, it was medically determined that spinal surgery was required to relieve the pain and strengthen claimant’s back.
There is testimony of the employment expert and other evidence from which the trial court reasonably concluded that claimant, as a result of the accidents, suffered a forty-six percent loss of ability to earn. Such is sufficient under our standard of review.
*1101 In reviewing workmen’s compensation cases, this court does not consider the weight of the evidence. We look only to determine if the judgment of the trial court is supported by any legal evidence. Florence Enameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.1978). The record in this case is sufficient to satisfy that standard of review.
Hudson’s second and third issues contend that claimant’s return to work after his last injury precludes a finding of loss of ability to work as a truck driver.- It seems to us that such contention pays little heed to the evidence that claimant returned to work in pain, avoided lifting, continued to regress in condition and subsequently had to endure spinal surgery. Our supreme court has held that an injured claimant is not prevented from receiving permanent partial benefits because he accepts or continues employment. Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957). The testimony of claimant was that he no longer can perform the duties of a truck driver. Under such testimony, evidence of post-injury earnings may be considered an unrealistic indication of claimant’s earning ability. Goodyear Tire and Rubber Co. v. Mitchell, 459 So.2d 901 (Ala.Civ.App.1984).
In the fourth issue, Hudson contends that the trial court erred in finding them liable for claimant’s medical treatment. They contend that since claimant had been laid off three months prior to the time that he had surgery on his back, they were not liable for these expenses; because there was no ongoing authorization for Dr. Parker to treat Harrell.
In its final order, the trial court found that Hudson was promptly given notice of claimant’s injuries. The court also found that Hudson authorized Dr. Parker to treat claimant’s injury. Dr. Parker testified that a conservative approach to treatment was tried at first, but it became apparent that surgery was needed. There was no evidence that authorization for treatment was withdrawn or specifically restricted by Hudson. Under statute the employer continues to be liable for necessary medical treatment. § 25-5-77, Code of Alabama 1975. Therefore, the trial court was correct in holding Hudson liable for treatment of a job-related injury. See Marion Homes of Bear Creek v. Dulaney, 441 So.2d 955 (Ala.Civ.App.1983).
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.