The employee was injured while employed at Southern Stone Company, Inc., and sought benefits from the employer under Alabama workmen's compensation laws.
The trial court found that the employee sustained a 20% permanent partial loss of ability to earn and awarded him benefits accordingly. The employee appeals.
We note that this is the second time that this case has been before us. For a complete statement of the facts see Gibson v.Southern Stone Co., 500 So.2d 32 (Ala.Civ.App. 1986).
The dispositive issue on this appeal is whether there is any legal evidence to support the trial court's finding of a 20% permanent partial loss of ability to earn.
Initially we note that this case is before this court on certiorari. Ala. Code 1975, § 25-5-81(a). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court will affirm. Lowe v.Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
In the present case, there was testimony from two vocational consultants that the employee sustained a 50% permanent partial loss of ability to earn. The employee therefore argues that the evidence is uncontroverted and that he is entitled to receive benefits based on a 50% loss of ability to earn. We disagree.
It is well settled that expert opinions in workmen's compensation cases are not binding on the trial court even if the testimony is uncontroverted. Blue Bell, Inc. v. Nichols,479 So.2d 1264 (Ala.Civ.App. 1985); Carroll Construction Co.v. Hutcheson, 347 So.2d 527 (Ala.Civ.App. 1977). Further, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. The trial court may then interpret what it has heard and observed, according to its own best judgment. Armstrong v.Lewis Associates Construction Co., 469 So.2d 605
(Ala.Civ.App. 1984).
Therefore, the trial court here was not bound by the opinions of the experts who testified concerning the employee's loss of ability to earn. Instead, the trial court could also consider other evidence, including that of the two doctors who testified that the employee had sustained a 25% medical impairment to his hand, which equaled a 14% impairment to his whole body. The court could also consider the fact that the employee was still employed in the *Page 732 
same capacity with higher earnings. Further, as noted above, the trial court could consider the demeanor of the employee and other witnesses in making a determination of loss of ability to earn.
This court cannot consider the weight of the evidence or the propriety of the trial court's findings of fact, for our inquiry is limited to a determination of whether there is any legal evidence to support the trial court's findings. RayMotels, Inc. v. Griffin, 428 So.2d 107 (Ala.Civ.App. 1983). The determination of a percentage of permanent partial disability is for the trial court to determine from all the evidence before it. Unexcelled Manufacturing Corp. v. Ragland,52 Ala. App. 57, 289 So.2d 626 (Ala.Civ.App. 1974).
Suffice it to say that we have reviewed the record, and in view of the above we find that there was evidence to support the trial court's decision.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.