INGRAM, Judge.
The appellant, John Russell Coan, applied for and received temporary total workmen’s compensation benefits as a result of sustaining a work-related injury in October 1985. At such time he was employed by the appellee, the Lawrence County Commission. Subsequently, in October 1986, Coan brought suit seeking to recover permanent partial disability benefits. In August 1987, the trial court determined after a hearing that Coan had not sustained a loss of earning capacity and denied his claim for further benefits. Thereafter, Coan filed a motion to alter and amend the judgment, which was denied; hence this appeal.
Coan argues that the trial court erred in failing to award him permanent partial benefits and in failing to find that he had suffered a loss in his earning capacity. We disagree.
Permanent partial disability can be awarded when there is a showing in fact that the employee sustained a decrease or loss in his ability to earn. Lankford v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984). The burden, however, is on the employee to prove that he has incurred a loss of earning capacity. Simpson v. Alabama Dry Dock & Shipbuilding Co., 269 Ala. 635, 114 So.2d 918 (1959). The trial court determines whether a loss of earning capacity has occurred on the basis of evidence presented before it. We must affirm the trial court’s order if there is any legal evidence or inference therefrom to support the trial court’s finding of fact, Loggins v. Mallory Capacitor Co., 344 So.2d 522 (Ala.Civ.App.1977).
The essential question here is whether there is any legal evidence or reasonable inference therefrom to support the trial court’s finding that Coan was earning “the same wages or higher” when he returned to work for the Commission after his back injury. The record reveals that Coan is presently employed as a road grader operator, which is the same job he had before his injury. It appears that his duties are the same now as before, with the exception of a limitation on the amount of weight he can lift. The record further reveals that he has not sought any medical attention for his injured back since December 1985. We believe that the trial court could infer from these facts that Coan’s earning capacity was not impaired by his accident. Coan failed to bring forth sufficient legal evidence to rebut the inferences raised from the facts presented. Specifically, Coan failed to introduce any evidence concerning the amount of wages paid him after his return to work following his injury.
This court does not review the weight and preponderance of the evidence as to any fact found by the trial court in workmen's compensation cases. Patterson v. Whitten, 57 Ala.App. 297, 328 So.2d 301 (1976). Instead, as indicated previously, we look to see if there is any evidence to support the trial court’s finding of fact. Here, the trial court found that Coan was earning about “the same wages or higher.” We believe the trial court’s finding in this regard must be sustained since the record shows that he was performing the same work and same job as before his injury. Findings of fact can be based on circumstantial evidence. Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291 (1955).
Coan also contends that he did not receive the full temporary total benefits due under § 25-5-57, Ala.Code 1975 (1986 Repl.Vol.). We agree. Our review of the *939 record reveals that Coan was underpaid during the 12-week period he was absent from work. The parties stipulated that Coan’s average weekly wage was $283.99 and that he received temporary total disability benefits for 12 weeks. Section 25-5-57 provides that an employee in Coan’s position should receive temporary total disability benefits equal to 66-% percent of his average weekly earnings at the time of his injury. Since he was off work for 12 weeks, it appears that he was due $2,271.72. He was paid only $2,095.56. Accordingly, this case is due to be affirmed in part and reversed and remanded in part with instructions for the trial court to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
BRADLEY, P.J., concurs.
HOLMES, J., concurs specially.