AFTER REMAND FROM SUPREME COURT
RUSSELL, Judge.
This is a workmen’s compensation case.
*1065 This case comes to us on remand from the Supreme Court of Alabama. In our original opinion this court reversed the trial court on the issue of medical causation and, in doing so, pretermitted the other issues raised on appeal. Canterbury Electric Co. v. Price, 555 So.2d 1059 (Ala.Civ.App.1988).
The supreme court found that there was medical causation and reversed the prior judgment of this court. In compliance with the supreme court’s opinion of February 17, 1989, 555 So.2d 1060 (Ala.1989), we now address the issues previously raised by Canterbury Electric Company (employer).
The dispositive issue is whether there is any legal evidence to support the trial court's findings. Specifically, is there evidence to support (1) the trial court’s finding of no pre-existing condition for compensation purposes and (2) a 67% loss of ability to earn?
Initially, we note that this case is before this court on certiorari. Ala.Code (1975), § 25-5-81(d) (1986 Repl.Vol.). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court will affirm. Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986). Further, we note that, in reviewing workmen’s compensation cases, this court does not consider the weight of the evidence or the propriety of the trial court’s findings of fact. Hudson Industries v. Harrell, 484 So.2d 1099 (Ala.Civ.App.1986).
Under this narrow standard of review, we find there is evidence to support the trial court’s findings that the employee’s present condition did not result from any prior infirm condition and that the employee suffered a 67% loss of ability to earn.
Regardless of the existence of a pre-existing condition, if the employee was able to perform his duties prior to the subject injury, no pre-existing condition is present for compensation purposes. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985). Pre-existing conditions and diseases do not affect a compensation award if the job-related injury combined with a pre-existing condition to produce the disability. Blue Bell, 479 So.2d 1264.
Here, the record reveals that the employee sustained a work-related injury on November 8, 1983. Further, there is evidence that, prior to the date of injury, the employee did not suffer from any preexisting condition. There was testimony that the employee had not complained of any back problems prior to November 8, 1983, and that he worked without any restraints. Therefore, the evidence supports the trial court’s conclusion of no pre-exist-ing condition.
As concerns the 67% loss of ability to earn, we point out that the determination of a percentage of permanent partial disability is for the trial court to determine from all the evidence before it. Gibson v. Southern Stone Co., 518 So.2d 730 (Ala.Civ.App.1987). Further, we note that post-injury earnings are but one factor for the court to consider in determining whether there has been a loss of earning capacity. Lankford v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984). Other factors include: an increase in general wage levels since the time of the accident, longer hours worked by claimant after the accident, payment of wages disproportionate to capacity out of sympathy to claimant, and the temporary and unpredictable character of post-injury earnings. Lankford, 454 So.2d 988.
Here, a vocational expert testified that, as a result of his injury, the employee suffered a 70% employability disability. Further, the evidence reveals that, although there was post-injury employment, it was not without assistance from co-workers. There was testimony that the employee worked in pain and under the influence of pain medication. There was also testimony that the availability of jobs the employee could perform was unpredictable and with length of employment unknown.
We further point out that, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. The trial *1066 court may then interpret what it has heard and observed according to its own best judgment. Gibson, 518 So.2d 730. Suffice it to say that we have reviewed the record, and in view of the above and of our limited standard of review, we find the trial court’s judgment to be supported by the evidence.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.