RUSSELL, Judge.
The employee, Delores Frost, brought this action to recover benefits from her employer, SCI Systems, under the Workmen’s Compensation Act of Alabama. The employee alleged a work-related injury resulting from a brown recluse spider bite. After an ore tenus hearing, the trial court denied her recovery, finding that she failed to meet her burden of proof. The employee appeals. We affirm.
The dispositive issue on appeal is whether there is any legal evidence to support the judgment of the trial court.
Initially, we note that this case is before this court on certiorari. Ala.Code (1975), § 25-5-81(d) (1986 Repl.Vol.). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court will affirm. Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986).
The record reveals that the employee was employed as a quality control technician to inspect and load circuit boards upon wooden pallets or skids. The employee stated that on or about March 7, 1986, she bumped against one of the pallets and felt a stinging, burning sensation. She continued to work because she thought a splinter had stuck in her leg. A sore developed, and after ten to fourteen days she informed her supervisor and was instructed to see a doctor. No accident report was filed by her supervisor because it was unclear whether it happened “at home or at work.”
The first physician to examine the employee diagnosed a “trauma” to her right leg and stated that the sore was not consistent with a brown recluse spider bite. Three other physicians examined the employee and, on the basis of the history she gave them, opined that the sore was consistent with a spider bite or trauma, but none of them specifically diagnosed the cause.
Dr. Curtis Adams was called as an expert witness in the field of entomology. In summary, his testimony reveals that a brown recluse spider is nocturnal and “avoids the light at all costs” and that these spiders are predominately found inside homes where they hide in clothing.
Two of the employee’s coworkers testified that they had never seen spiders in the plant. The conditions at the plant where the employee was working were established to be well-lighted and clean.
It is well settled that expert opinions in workmen’s compensation cases are not binding on the trial court, even if the testimony is uncontroverted. Gibson v. Southern Stone Co., 518 So.2d 730 (Ala.Civ.App. 1987). Further, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations of the witnesses. The trial court may then interpret what it has heard and observed, according to its own best judgment. Armstrong v. Lewis & Associates Construction Co., 469 So.2d 605 (Ala.Civ.App. 1984).
This court cannot consider the weight of the evidence or the propriety of the trial court’s findings of fact, for, as noted above, our inquiry is limited to a determination of whether there is any legal evidence to support the trial court’s findings. Gibson, 518 So.2d 730.
In light of the above, we find there is legal evidence to support the judgment of the trial court.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.