Edward Harrison sustained a work-related injury in August 1985. His employer, Champion International Corporation, paid his medical expenses and temporary total disability benefits pursuant to the workmen's compensation laws of Alabama. Harrison subsequently filed suit against Champion to recover permanent total or permanent partial disability benefits. After a hearing, the trial court determined that Harrison's ability to earn was not diminished and denied his claim for further benefits. Harrison then perfected his appeal to this court.
On appeal, Harrison contends that the trial court erred in finding that he did not suffer a loss of ability to earn and was, therefore, not entitled to disability benefits. He also argues that the trial court erred in failing to make any award for future medical benefits. *Page 1002 
Harrison is forty-one years old and has a ninth-grade education. He has been employed by Champion for fifteen years. He injured his right shoulder in the course of the installation of some pipe, when he attempted to grab a piece of pipe that had come loose and had started to fall. Three days later, he further injured that shoulder while loosening bolts on a pump. He was diagnosed as having a torn rotator cuff, for which he underwent surgical repair. Despite three surgical procedures and physical therapy, Harrison's range of motion in his shoulder is limited, and use of the shoulder causes him pain. He is right-handed.
The orthopedic surgeon who treated Harrison assigned him a disability rating of twenty percent to his right shoulder or nine percent to the body as a whole. Harrison also consulted a specialist in rehabilitative medicine, who assigned him a disability rating of fifteen percent to the body as a whole. Both testified that the range of motion of his shoulder could be improved with further treatment and physical therapy.
Harrison's treating physician allowed him to return to work in May 1987. He has continued to work since that time as a Class A mechanic, the same position that he held before his injury. He made $18.00 per hour before the accident and makes $19.53 per hour now as a result of the negotiation of a new labor contract. He is limited to light duty, which means that he is not allowed to work overtime.
Harrison has compensated for the problems he has with his right shoulder by using his left hand and arm more and by learning to perform tasks with only one arm. He testified that he has managed to continue to function at work because co-employees assist him with jobs that are difficult for him. A former supervisor testified that the company is aware of his present physical limitations and tries to not assign him jobs that place a strain on his shoulder, such as overhead work or heavy manual labor. Harrison testified that, although he makes a diligent effort to do his job, he feels that he is not able to do what he should to earn his salary. The record reflects, however, that since his injury, the company has always been able to find sufficient work assignments to allow him to complete a shift.
At the outset, we emphasize that workmen's compensation cases come before this court on certiorari, which means that our standard of review is very narrow. It is not appropriate for us to weigh the evidence. Cook v. Munn, 528 So.2d 881
(Ala.Civ.App. 1988). Our review of the judgment before us is limited to ascertaining whether any legal evidence or reasonable inference therefrom supports the trial court's findings of fact and whether the correct law was applied to those facts. MartinIndustries, Inc. v. Dement, 435 So.2d 85 (Ala.Civ.App. 1983). If so, we must affirm the trial court's judgment. Allen v.Diversified Products, 453 So.2d 1063 (Ala.Civ.App. 1984).
Much discretion is reposed in the trial court to determine an employee's loss of earning capacity in a workmen's compensation case. DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136
(Ala.Civ.App. 1988). In arriving at its judgment, the trial court should consider all the evidence, including its own observations. If conflicting evidence is presented, the trial court's findings will be conclusive if there is any evidence to support them. Furthermore, it is not bound by the testimony of expert witnesses. DeHart, supra.
Harrison correctly asserts that the fact that his post-injury earnings are higher than his earnings at the time of the accident does not necessarily preclude a finding that he suffered a reduction in earning capacity. Post-injury earnings do create a presumption of earning capacity commensurate with earnings. That presumption may be rebutted by other evidence which shows incapacity or explains why the amount of post-injury earnings is an unreliable basis for determining capacity. All American Homes of Alabama v. Nichols,523 So.2d 431 (Ala.Civ.App. 1988); Jim Walter Resources, Inc. v. Hall,516 So.2d 690 (Ala.Civ.App. 1987). The unreliability of post-injury earnings may be due to *Page 1003 
such factors as a general increase in wage levels, an increase in the employee's maturity or training, longer hours worked by the employee, sympathetic payment of wages disproportionate to capacity, and the temporary and unpredictable character of post-injury earnings. All American Homes of Alabama, supra; JimWalter Resources, Inc., supra.
We do not believe that the presumption of earning capacity has been overcome in this case. There is evidence which supports the trial court's finding that Harrison has suffered no loss of ability to earn. He has been working since May 1987 in the same job that he had before the accident. Although his physical restrictions prevent him from performing some tasks that he did before the accident, he has worked regularly to the apparent satisfaction of Champion. We note that there is also evidence which would have supported a finding of loss of earning capacity, but our standard of review in workmen's compensation cases mandates our affirmance of the trial court's determination in this regard. See, Coan v. Lawrence CountyCommission, 537 So.2d 937 (Ala.Civ.App. 1988); Lankford v.International Paper Co., 454 So.2d 988 (Ala.Civ.App. 1984).
We now turn to Harrison's contention that the trial court erred in failing to make an award of future medical expenses. We agree and note that Champion does not dispute this contention. Section 25-5-77, Ala. Code 1975 (1986 Repl.Vol.), provides that an employer must pay the actual cost of medical and surgical treatment and physical rehabilitation and other expenses reasonably necessary as the result of an accident on the job. Champion has a duty then, as a matter of law, to provide for the payment of any future medical expenses that are reasonable and necessary for the treatment of Harrison's injury. Conley v. SCI Systems, Inc., 495 So.2d 698
(Ala.Civ.App. 1986). On remand, the trial court should enter an order directing Champion to do so.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.