RUSSELL, Judge.
Donald Shirley (employee) brought this action under the Workmen’s Compensation Act to recover benefits from John Deere Insurance Company, insurer for Joe Money Machinery Company (employer), for a shoulder injury resulting from an accident which occurred during his employment with the employer. The trial court found in favor of the employee, and the employer appeals. We affirm.
The dispositive issue is whether the trial court committed reversible error in its determination that the employee suffered a 17% loss of ability to earn when the employee’s post-injury earnings were more than his pre-injury earnings.
The pertinent facts are that the employee is a forty-four-year-old male who has mainly worked with heavy machinery which involved some lifting of heavy objects. lie injured his shoulder while pulling on a wrench and later had surgery to repair a torn rotator cuff and to remove calcium deposits.
The employee now has problems raising his arm and lifting heavy objects. These problems affect the kind of work that he is able to do and his hobbies of hunting and fishing as well.
The employee continues to be employed by the employer and earns more now working fewer hours than he did before the injury. He is not able to do any lifting of heavy objects and must get assistance if any is required. He is now in a job which allows him to spend more time in sales and “trouble-shooting.”
There was testimony from a vocational expert that the employee had between a 17% and 36% vocational disability because he had lost access to a high number of jobs.
In its order, the trial court found that the employee had sustained a 17% reduction of his earning capacity, stating that “[p]ost-in-jury earnings are but one factor for the Court to consider in determining whether there has been a loss in earning capacity. Lankford v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984).”
The employer contends that the evidence presented by the employee did not rebut the presumption that the employee’s post-injury earnings were a reliable basis for estimating the employee’s earning capacity.
In Lankford, this court stated:
“The rule is that postinjury earnings are but one factor for the court to consider in determining whether there has been a loss of earning capacity. But when an employee’s postinjury earnings equal or exceed his earnings at the time of injury there exists a presumption of earning capacity. Such presumption however may be rebutted by (1) independent evidence of incapacity or (2) evidence tending to indicate that the postinjury earnings are an unreliable basis for estimating earning capacity. Factors which would indicate that postinjury earnings are an unreliable basis for estimating earning capacity include: an increase in general wage levels since the time of the accident; claimant’s own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of post-injury earnings.”
454 So.2d at 991 (citations omitted) (emphasis supplied).
*1213 Although the employer contends that the employee did not rebut the presumption by presenting evidence which explained the unreliability of the postinjury earnings, there was evidence presented of incapacity. Both are not required. Lankford, 454 So.2d 988. See Chrysler Motor Corp. v. Cole, 563 So.2d 1040 (Ala.Civ.App.1990).
The evidence indicates that the employee was earning more after the injury than he was prior to the injury; however, we find that the evidence presented at trial as to incapacity rebutted the accompanying presumption of earning capacity. Therefore, we find no error by the trial court in finding that the employee suffered a 17% loss of ability to earn.
This ease is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.