RUSSELL, Judge.
Fletcher M. Lucas (employee) brought this action pursuant to the Workmen’s Compensation Act to recover benefits from Container Corporation of America (employer) for injuries sustained in an accident which occurred during his employment. The trial court found that the employee suffered a fifteen percent loss of ability to earn. The employer appeals. We affirm.
The dispositive issue is whether the trial court erred in determining that the employee suffered a fifteen percent loss of ability to earn when the employee’s post-injury earnings were more than his pre-injury earnings.
We note at the outset that there is a two-step process in the standard of review in workmen’s compensation cases. This court first will determine if there is any legal evidence to support the trial court’s findings. If such evidence is found, we next will determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). The trial court has much discretion in determining an employee’s loss of earning capacity in a workmen’s compensation case. Harrison v. Champion International Corp., 550 So.2d 1001 (Ala.Civ.App.1989). The trial court should consider all the evidence, including its own observations, in arriving at its judgment, and the trial court’s findings will be conclusive if any evidence supports them. Id.
The pertinent facts are as follows: on September 13, 1987, while working for the employer, the employee was injured when he fell approximately fifteen feet from some overhead pipes to a concrete floor. As a result of the fall, the employee was knocked unconscious and sustained a laceration to his scalp and fractures of the right elbow, left wrist, and first lumbar vertebra. He was hospitalized for five days and was subsequently referred to an orthopedic surgeon for back pain. He was also referred to an ear, nose, throat, and facial plastic surgery specialist for treatment of complaints of vertigo. The employee was tem *973 porarily totally disabled and did not work for ninety-two weeks.
The orthopedic surgeon testified that at the time that the employee returned to work, he had a permanent impairment of his back, which the orthopedic surgeon determined caused a ten to fifteen percent permanent impairment of the body as a whole. The employee could return to work as long as he did not have to do “extremely strenuous work with a lot of bending, lifting and climbing.” The orthopedic surgeon subsequently determined that the employee had an injury to his shoulder, which probably was related to the fall, and which resulted in a five percent permanent impairment of the upper extremity.
The ear, nose, and throat specialist testified that the employee had suffered from a closed head injury, which resulted in a positional type of vertigo. He determined that the employee had a ten percent permanent disability as a result of the positional vertigo and that the employee should be restricted from high places on girders or ladders, or from riding a bicycle.
The employee testified that he takes a prescription medication for back pain that restricts him from standing for long periods of time and squatting or climbing. He suffers severe pain in his shoulder and has vertigo, which varies, but may appear at any time, depending on the employee’s positions.
The employee testified that he returned to work at the same wage as prior to the injury and received a temporary promotion at a higher wage ($1.11 more per hour) because of a long-term vacancy in a position. When the person who previously held that position returns to work, he or she will fill that position again. Promotions are determined solely by seniority, and the rate of pay is negotiated by the union.
Since returning to work after recovery from the accident, the employee has worked for two years without missing time from work and without special limitations.
The employer contends that, because the employee is earning a higher wage than at the time of the injury and is working without limitation or complaint, the trial court erred in finding a fifteen percent loss of earning capacity. It claims that the evidence presented by the employee does not rebut the presumption that the employee did not sustain a loss of earning capacity.
There is a presumption of earning capacity that exists when postinjury earnings equal or exceed an employee’s earnings at the time of injury. Lankford v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984). The presumption may be rebutted by (1) independent evidence of incapacity or (2) evidence indicating that the postinjury earnings are an unreliable basis for estimating earning capacity. Id. The factors which indicate that postinjury wages are an unreliable basis for estimating earning capacity include: an increase in general wage levels, the employee’s greater maturity or training, longer hours worked by the employee, disproportional payment of wages out of sympathy to employee, and the temporary and unpredictable character of postinjury earnings. Id.
Although the employer claims that none of the factors indicating that postinjury wages are an unreliable basis for estimating earning capacity apply in the present case, we need not discuss this claim. There was independent evidence presented of incapacity, and this is all that is required. John Deere Insurance Co. v. Shirley, 571 So.2d 1211 (Ala.Civ.App.1990). Because there was evidence to support the trial court’s findings, and because a reasonable view of that evidence supports the trial court’s judgment, our standard of review requires an affirmance. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.