This is a workmen's compensation case.
In November 1989 the employee filed a petition for workmen's compensation against Beech Aerospace Services, Inc. He alleged that he sustained various physical and emotional injuries arising from his job cleaning hazardous waste from tanks.
After discovery, the employer filed a motion for summary judgment based on the employee's deposition and medical records. After considering the evidence before it, the trial court granted the motion for summary judgment. The employee filed a motion for new trial or, in the alternative, to alter or amend the judgment. The motion was denied and the employee appeals.
Summary judgment is proper only where the moving party has clearly shown the absence of any genuine issue of material fact and is entitled to judgment as a matter of law. Osborn v.Johns, 468 So.2d 103 (Ala. 1985). The material facts of this case are undisputed; thus, the sole issue on appeal is whether the trial court erred in determining that Beech Aerospace was entitled to judgment as a matter of law.
The evidence reveals the following: The employee was hired by Beech Aerospace in 1988 and worked for approximately eight months. One of his primary duties was treating chemical tanks, which held various substances used to remove paint from airplanes. The employee worked in the tanks an average of three days per week. When he began the job, he was given an instruction booklet that included warnings about the chemicals he would be exposed to in the course of his work.
After the employee worked with the chemicals for about two months, he began to lose hair on his head, arms, and chest. His eyelashes and eyebrows also fell out. He was greatly alarmed and consulted a doctor. Medical tests did not reveal any internal injury to the employee, but indicated that lead and perhaps other chemicals were present in his bloodstream. The doctor advised the employee to stop working around the hazardous chemical tanks. Shortly thereafter, the employee quit his job with Beech Aerospace.
The employee subsequently filed a petition for workmen's compensation, alleging that his exposure to the chemicals at Beech Aerospace caused severe injuries to his nerves and bodily organs, as well as disfigurement due to the loss of body hair. The employee sought permanent total disability based on these injuries.
Permanent total disability is defined as any physical injury or mental impairment resulting from an accident, which permanently and totally incapacitates the employee from working at and being retrained for gainful employment. §25-5-57(a)(4)(d), Code 1975. This definition forms the sole basis on which an award of permanent total disability may be based. § 25-5-57. Where an employee's post-injury earnings equal or exceed pre-injury earnings, it is presumed that no loss of earning ability or capacity exists. Ex parte CanterburyElec. Co., 555 So.2d 1066 (Ala. 1989). This presumption is overcome if the employee offers evidence to show that his post-injury earnings are an inaccurate measure of his lost earning capacity. Lankford v. International Paper Co.,454 So.2d 988 (Ala.Civ.App. 1984). The trial court may consider whether the post-injury earnings are temporary, or whether they are due to a general increase in wage levels since the injury, longer hours worked by the claimant after the accident, or payment of disproportionately high wages because of sympathy to the claimant. Lankford.
Here, the record shows that the employee secured a job as a painter and carpenter only a few weeks after quitting his job at Beech Aerospace. The employee now earns two dollars per hour more than *Page 993 
he earned previously. He has offered absolutely no evidence to show that his post-injury earnings are an inaccurate measure of his future earnings.
The employee argues that his ability is permanently altered because he fears that his exposure to the chemicals at Beech Aerospace will produce future diseases. He testified in deposition that the stress produced by these fears sometimes causes him to miss days of work in his new job. He also stated that his hair loss causes him embarrassment and impairs his ability to work. However, he also testified that his exposure to the chemicals has not affected his ability to use carpentry tools or a paintbrush. The record indicates that his hair is now returning.
After reviewing the evidence, it is clear that the employee has not suffered a permanent inability to earn a living; thus, under § 25-5-57 he is not entitled to permanent total disability. Beech Aerospace was entitled to judgment as a matter of law; thus, the trial court's granting of summary judgment was not in error. The summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.