I respectfully disagree with the opinion of the majority affirming the trial court's judgment. That judgment allows an award of benefits based upon a disability of greater than a 100%.
Penhale suffered two work-related injuries while she was employed by Shop-A-Snak. The first injury occurred on August 30, 1991, and the second on June 7, 1992. She filed two actions seeking to recover workers' compensation benefits.
The action arising from Penhale's second injury was settled before the resolution of the action relating to her first injury. The court-approved settlement agreement relating to the second injury shows that Penhale was permanently, partially (23%) disabled as a result of the second injury. She settled that claim with Shop-A-Snak workers' compensation insurer whose policy was in effect at the time of that injury for a lump sum of $7000,[1] in addition to medical and vocational benefits already received.
Later, at the conclusion of the trial relating to Penhale's first injury, the judge found that Penhale was permanently, totally disabled because of the first injury. The determined that Penhale had reached maximum medical improvement on April 14, 1994, and awarded benefits beginning on that date and continuing for the remainder of Penhale's life.
The effect of the trial judge's decision as to the first injury was to create a concurrent award of benefits beginning on April 14, 1994, extending through 1995 and most of 1996, during which she received payments from two workers' compensation sources. If the trial court's decision is allowed to stand, Penhale will receive compensation based upon a 123% impairment during the above mentioned years. I believe that this amounts to a double recovery and that it exceeds the benefit amount contemplated under the law. An award for permanent total disability is the broadest recovery possible. § 25-5-57, Code of Alabama 1975. The provisions for permanent total disability cover the injured employee for his or her lost wages at the maximum amount allowed under the law and should encompass all other injuries. The primary goal of workers' compensation is to aid the injured person, not provide a windfall.
In my opinion, Penhale's recovery against Shop-A-Snak for her first injury should, at the very least, be offset by the amount paid by the insurer in settling the claim relating to the second injury.
I also question the trial judge's determination that Penhale was permanently and totally disabled. A "permanent total disability" is defined as including "any physical injury or mental impairment resulting from an accident, which permanently and totally incapacitates the employee from working at and being retrained for gainful employment." Russell v. BeechAerospace Services, Inc., 598 So.2d 991, 992 (Ala.Civ.App. 1992). The word "permanently" indicates that the condition is a lasting one. The word "totally" in its common use means wholly or in the aggregate. *Page 484 
It is undisputed that Penhale returned to work full-time following the first injury at her same pay and even received a promotion. It was not until a year and seven months later, well after the occurrence of a second injury, that Penhale actually quit working.
For the foregoing reasons, I must dissent from the majority opinion.
[1] The settlement amount was computed as follows: 23% impairment x $140.01 weekly wage x 247 weeks = $7,953.97. This amount was then adjusted to its present value of $7,000.