PER CURIAM.
This is a workmen’s compensation case.
The trial court in computing the employee’s average weekly wage included certain “fringe benefits.” Included in the computations were the following categories of “fringe benefits”: life insurance and accidental death and dismemberment; survivor income; dental; vision; medicare reimbursement; hospital, surgical, major medical, and drugs; pension; accident and sickness; supplemental workers’ compensation; and supplemental unemployment benefits.
The employer, through able and distinguished counsel, appeals. This appeal represents eight workmen’s compensation cases consolidated for the purpose of raising a single issue for resolution by the court.
The dispositive issue is whether the trial court erred in including the “fringe benefits” in determining the employee’s average weekly wage.
We do not find it necessary or prudent to render a detailed opinion. In view of the settled law on the issue, the following restatement of that law is sufficient.
In reversing this court, the supreme court held the following in Ex parte Murray, 490 So.2d 1238, 1241 (Ala.1986): “[E]mployer-paid fringe benefits constitute ‘allowances of any character’ and are in-cludable in the computation of the employee’s average weekly wage.” See Ala. Code (1975), § 25-5-57(b) (1986 RepLVoL).
In reaching its decision, the supreme court disagreed with Professor Larson’s view of the issue and stated the following:
“We are required to interpret statutory language to give effect to the legislative intent. To read the broad term ‘allowances of any character’ to exclude these insurance premiums is unreasonable, notwithstanding Professor Larson’s criticism of courts which disagree with him. If we are wrong in our view of what the legislature meant, it can correct us by a simple amendment to the statute.”
Murray, 490 So.2d at 1241.
To this court, the above reveals that “fringe benefits,” such as we have in the instant appeal, may be included in computing the average weekly wage.
While the employer makes an interesting argument for its position, we find Murray to be dispositive.
*992 The cases are due to be affirmed.
AFFIRMED.
All the Judges concur.