This is a workmen's compensation case.
The employee sustained an injury to his back during the course of his employment and sought workmen's compensation benefits.
Following ore tenus proceedings, the trial court found that, as a result of his job-related injury, the employee had sustained "a permanent partial loss of ability to earn to the extent of sixty (60) percent." The trial court awarded the employee workmen's compensation based upon this determination.
The employer appeals. We reverse and remand.
At the outset we note that workmen's compensation cases come before this court by way of certiorari. Ala. Code (1975), §25-5-81(d) (1986 Repl. Vol.). On certiorari our review is limited; if there is any legal evidence to support the trial court's findings and conclusions, we must affirm. AmericanAutomobile Insurance Co. v. Hinote, 498 So.2d 848
(Ala.Civ.App. 1986); Lowe v. Walters, 491 So.2d 962
(Ala.Civ.App. 1986).
Our review of the record in this case reveals that the evidence does not support the trial court's conclusion that the employee sustained a sixty percent permanent partial reduction in his earning capacity.
The employee sustained an injury to his back on January 27, 1983, when he fell from a scaffold while in the process of constructing a mobile home. As a result of this injury, he continued to complain of pain in his back approximately four years after the accident occurred.
At the time of the accident, the employee was an unskilled laborer, working in the metal shop of a company that constructed mobile homes. He was then in his late forties, had a ninth-grade education, and, with the exception of a truck driving job, had never worked at anything but unskilled jobs in companies that made mobile homes and as a fork-lift operator. His primary job responsibility at the time of the accident was to attach metal roofs to mobile homes then in construction. While doing so on January 27, 1983, he fell from the metal scaffold upon which he was standing and injured his back.
Subsequently, the employee saw several different doctors, none of whom could specify with certainty the cause of the pain of which he complained. He was prescribed muscle relaxers and pain medication, and although advised by one of the doctors that he could return to light duty at work, he did not do so. He received workmen's compensation benefits for approximately five months following the accident which caused his injury.
Instead of returning to light duty with his employer, he continued seeing a certain doctor in contradiction to requests of his employer. The record shows that, on or about October 17, 1983, the employee went to work for Federal Mogul without informing that doctor of this fact.
The employee had previously worked for Federal Mogul from approximately 1979 until 1981, when he was laid off. When he was rehired by Federal Mogul in 1983, he *Page 433 
returned to a similar job he had earlier held, that is, driving a fork lift. He worked in that capacity from approximately October 1983 to July 1985, when he left the job for reasons not relevant to this appeal.
As the record shows, Federal Mogul was satisfied with the job the employee had done while in its employ. Two supervisors of that company testified that the employee worked without complaint of any pain or disability and did so competently and satisfactorily. The record also shows that, although the employee testified that he continued to suffer pain during this period, he stated at trial that his pain was not increased any more by his operating a fork lift than it was by his lying in bed at home.
It is undisputed that the employee was making $6.00 per hour at the time of his accident. It is also undisputed that his post-injury earnings at Federal Mogul were approximately $8.40 per hour.
This undisputed evidence that the employee's post-injury earnings were higher than at the time of his accident clearly indicates under the circumstances of this case that the trial court erred in concluding that the employee has a sixty percent permanent partial reduction in his earning capacity. Cityof Montgomery v. Johnson, 403 So.2d 244 (Ala.Civ.App. 1981).
Although the fact that an employee's post-injury earnings are higher than those at the time of his injury does not necessarily preclude a finding that an employee suffered a reduction in his earning capacity, it does create a rebuttable presumption that such is the case.
We recently stated the following with respect to this general rule in Jim Walter Resources, Inc. v. Hall,516 So.2d 690, 691 (Ala.Civ.App. 1987).
 "As the Alabama Supreme Court pointed out in Goodyear Tire Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957), such evidence creates a presumption of earning capacity commensurate with earnings, but the presumption may be rebutted by other evidence showing incapacity or explaining why evidence of higher earnings is an unreliable basis for determining capacity.
 " '[A]ctual post-injury earnings will create a presumption of earning capacity commensurate with them, but the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity. Unreliability of post-injury earnings may be due to a number of things; increase in general wage levels since the time of accident; claimant's own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of post-injury earnings.'
 "2. A. Larson, The Law of Workmen's Compensation § 57.21(d) (1987). See Downey, 266 Ala. at 348, 96 So.2d at 281-82; [City of Montgomery v.] Johnson, 403 So.2d at 247 [(Ala.Civ.App. 1981)]."
In this case there is no evidence that any of the above variables that would rebut the presumption in fact exist. We note again that the employee worked for approximately two years in a job similar in nature to one he had held previously. He did so, according to the record, without complaint and with competence. Although he complained that he still suffered from pain during this period, he did not state that his pain was any more severe at work than it was at home. Such a long record of post-injury earnings strengthens the presumption that the employee did not suffer a reduction in his earning capacity.
Since there is an absence of evidence proving that post-injury earnings are an unreliable basis for estimating earning capacity, we cannot find that the presumption that post-injury earnings are commensurate with earning capacity has been rebutted.
We, therefore, find that the trial court's conclusion that the employee suffered a sixty percent permanent partial reduction *Page 434 
of his earning capacity is not supported by the evidence.
We would note that, in view of the above, the other issues raised by the employer are pretermitted.
This case is reversed and remanded to the trial court for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.