THIGPEN, Judge.
This is a workmen’s compensation case.
In March 1990, Larry Fowler (employee) filed an action seeking workmen’s compensation benefits for an injury which he alleged occurred in the course of his employment with The City of Huntsville (employer) in an accident on October 5, 1987. In its order, the trial court found that the accident was a compensable event and that some workmen’s compensation benefits were paid to Fowler for such. The trial court also found that “The tragedy of this case was compounded by subsequent events” which it found to include untimely recognition and diagnosis that the disability was attributable to the accident. The trial court determined that the last payment of temporary total compensation was October 16, 1987, and that later, additional benefits paid by the employer did not constitute payments of compensation pursuant to Ala. Code 1975, § 25-5-80.
The trial court entered an order favoring the employer stating “But for the bar of the statute of limitations (Ala.Code § 25-5-80), this Court would hold that [Fowler] sustained an overall vocational impairment in the neighborhood of 31.5% to 42%, and, was entitled to permanent partial compensation accordingly.” The employee appealed.
The dispositive issue is whether the trial court erred in determining that Fowler’s action is barred by the statute of limitations.
Many of the facts in this case are undisputed. The parties agree that Fowler suffered an accident at work on October 5, 1987, that Fowler received some workmen’s compensation benefits for the injury following the accident, and that Fowler filed this action on March 2, 1990. The parties stipulated to Fowler’s wages.
Contained in the record are numerous references, testimonies, and documents regarding the .employer’s “fringe benefit” program. That evidence discloses that the employer’s benefit policy is intended “to supplement workmen’s compensation” ben *1004 efits for an on-the-job injury and provides for “injury days” which is a separate designation from sick leave. There was testimony that the employer’s benefits also provide for an injured employee to receive his regular salary when working less than his full job due to an on-the-job injury. There is testimony and record evidence that Fowler received “injury days” in accordance with the employer’s benefits and that Fowler also received full pay for light duty or for less than full work. The employer’s personnel director testified that Fowler received some benefits from the employer for the October 1987, injury as late as July 1989, and that the employer did not consider this as compensation for an injury, but only as “fringe benefits.”
The limited standard of review in a workmen’s compensation case is a two-step process. The first step requires a determination of whether any legal evidence supports the trial court’s findings. The second step requires a determination of whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Our scope of review regarding factual matters is strictly limited to an examination of the trial evidence. Allen v. Diversified Products, 453 So.2d 1063 (Ala.Civ.App.1984). Further, the findings of the trial court on conflicting evidence are conclusive.
The limitation period for claims or actions for workmen’s compensation is two years after the accident, or “where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of two years from the time of making the last payment.” Ala.Code 1975, § 25-5-80. The determination in the instant case regarding whether the “fringe benefits” provided by the employer are compensation payments which toll the statute of limitations for actions is guided by a statutory definition. Workmen’s compensation statutes “create rights and remedies and procedures all their own.” Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796 (1968). Further, because the workmen’s compensation statutes are remedial in nature, they must be liberally construed to accomplish their beneficent purposes and all reasonable doubts must be resolved in favor of the employee. Riley, supra.
Strictly, “compensation,” for purposes of the chapter dealing with workmen’s compensation benefits, is defined as, “the money benefits to be paid on account of injury or death.” Ala.Code 1975, § 25-5-1(1). This definition, which expressly excludes medical supplies and treatment, is the statutory definition to be utilized in determining the limitation provisions of Ala.Code 1975, § 25-5-80. Cunningham v. Milstead Pulpwood Co., Inc., 366 So.2d 737 (Ala.Civ.App.1979).
The record reveals that the employer’s benefits are designed to supplement the workmen’s compensation benefits which are provided by the employer’s insurance carrier under statutory guidelines. There was undisputed testimony that “injury days” and full pay for light duty or less than full work can be paid by the employer to an injured employee, regardless of whether the injury falls within the insurance policy, and that Fowler was paid such by the employer. The employer’s personnel director testified that when an employee is placed on light duty because of an on-the-job injury, the employer attempts to accommodate the injury by not reducing the employee’s pay. The employer contends that such payment is not “compensation” within the workmen’s compensation laws, but rather, a “fringe benefit” fashioned “to make [the employee] whole.” The issue therefore turns on whether the payments made to Fowler by the employer constitute “compensation” to toll the statute of limitations.
The law is well-settled that payment of full pay for lighter work may constitute the payment of compensation that will toll the statute of limitations. Mobile County v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). Three factors control whether such wages toll the statute: “(1) whether the employer was aware, or should have been aware, that such payments were compensation, (2) whether the payments had the *1005 effect of recognition of the employee’s claim, and (3) whether or not the evidence indicates that the employer paid for more than he received.” Head v. Triangle Construction Company, 274 Ala. 519, 523, 150 So.2d 389, 393 (1963).
In the instant case, the evidence is undisputed that the employer paid Fowler full pay for lighter work. The record is fraught with a clear path of letters, personnel papers, testimony, and other documentary evidence indisputably establishing the employer’s awareness of Fowler’s on-the-job accident and the resulting disability, which required Fowler to be absent from work or to perform lighter work. The undisputed testimony of the employer’s personnel director indubitably confirms that the payments made by the employer to Fowler were benefits designed to compensate Fowler, as an employee who suffered an on-the-job injury, which effectively recognized Fowler’s claim for disability compensation.
To agree with the argument of the employer here that such “fringe benefits” are not compensation, could result in denying an employee’s right to workmen’s compensation benefits. It is understandable how an injured employee, such as Fowler, who is receiving such “fringe benefits” from an employer, could be lulled into believing that such payments from the employer are compensation for an on-the-job injury. A disabled employee would have no need to file an action seeking statutory workmen’s compensation benefits as long as compensatory “fringe benefits” are being paid by the employer. At some point when the “fringe benefits” end, it may be too late for the injured employee to recover for a disabling injury. Such interpretation does not comport with the beneficent purposes of the workmen’s compensation statutes. Additionally, these “fringe benefits” extended by the employer to its employees are included in the categories previously determined to be within the “allowances of any character” provision of Ala.Code 1975, § 25-5-57(b) and are includable in computing an employee’s wages. Ex parte Murray, 490 So.2d 1238 (Ala.1986); Goodyear Tire & Rubber Company v. Gilbert, 521 So.2d 991 (Ala.Civ.App.1987). The rationale in Murray, supra was that if the computation is to determine what has been lost, then fringe benefits must be included.
Based on the foregoing, we find that the “fringe benefits” in the instant case constitute compensation and toll the statute of limitations. Accordingly, Fowler’s claim is not time-barred and must be considered by the trial court. We do not address the propriety of the trial court’s findings regarding other aspects of this case including the causal connection and extent of the disability in this action.
This case is hereby reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
RUSSELL, J., dissents.