Sarah Jean Upchurch brought an action against the defendants, Universal Underwriters Insurance Company (Universal) and Glenda Gail Hodnett Jones, alleging intentional fraud and seeking compensatory and punitive damages. Specifically, Upchurch contends that the defendants misrepresented or suppressed facts relating to her purported entitlement to have the value of certain employer-paid insurance premiums included in the calculation of her average weekly wages for purposes of determining her temporary disability benefits. The defendants denied the allegations and moved for summary judgment. A hearing was held, and the trial court granted the defendants' motion. Upchurch appeals; we affirm.
The relevant facts are as follows: In July 1988 Upchurch sustained a back injury *Page 1165 
while working within the line and scope of her employment with Hoyle Chevrolet, Inc. (Hoyle). Universal is the workers' compensation carrier for Hoyle. Relying on information provided by Hoyle, Jones, the claims adjuster for Universal, calculated Upchurch's average weekly wages, and based upon Jones's calculations, Universal began paying Upchurch benefits for a temporary total disability on August 23, 1988. These payments continued for approximately fifty weeks and ceased on July 30, 1989.
At all times relevant to this action, Hoyle paid the premiums for health and life insurance for its employees. For several months following Upchurch's injury, Hoyle continued to pay premiums for Upchurch that totalled $167.80 per month. However, on May 8, 1989, Hoyle stopped making these payments. The record indicates that at no time before or after this date did Jones and Universal factor the monetary equivalent of the premiums into Upchurch's average weekly wages or into the calculation of her disability benefits. Upchurch attained legal counsel and sought to have the value of the premiums included in her wages and in the disability payments made after Hoyle discontinued paying the premiums. Ultimately, Upchurch brought this action for intentional fraud against the defendants.
Sections 25-5-11, 25-5-51 to -53, and 25-5-59, Ala. Code 1975, set out the exclusivity provisions in our workers' compensation act and provide that no employee subject to the act may seek damages for an injury occasioned by a work-related accident "other than as provided in this article." See § 25-5-52.
However, our supreme court has held that the exclusivity provisions of the act do not bar claims for intentional tortious conduct, i.e., intentional fraud. Lowman v. PiedmontExecutive Shirt Manufacturing Co., 547 So.2d 90 (Ala. 1989). The act "should not be an impervious barrier, insulating a wrongdoer from the payment of just and fair damages for intentional tortious acts only very tenuously related to workplace accidents." Id. at 94 (citing Carpentino v. TransportIns. Co., 609 F. Supp. 556 (D.C.Conn. 1985)).
Nevertheless, in accommodation to the exclusivity provisions of the act and in order to ensure against borderline or frivolous claims, it is necessary that Upchurch meet a higher burden or make a stronger showing than that required by the "substantial evidence rule" as it applies to issues in regard to tort claims generally. Tittle v. Custard Ins. Adjusters,590 So.2d 880 (Ala. 1991); Lowman, 547 So.2d 90. In order to present her claim to a jury, Upchurch must present evidence that, if accepted and believed by a jury, would qualify asclear and convincing proof of fraud. Lowman, 547 So.2d 90.
In its order granting summary judgment, the trial court found that the question of whether fringe benefits, such as employer-paid insurance premiums, should be included in an employee's average weekly wages has not been settled legislatively or judicially in this state. Consequently, the court held, Universal could not as a matter of law be deemed to have defrauded Upchurch. Upchurch, however, maintains that statutory and case law in this state clearly establish that fringe benefits may be treated as part of an employee's weekly wages and that, therefore, the defendants were on notice that the value of the insurance premiums paid by Hoyle should have been included in her computed earnings. She asserts that she has presented evidence putting squarely at issue whether the fringe benefits she received from Hoyle satisfied the legal criteria for inclusion as part of her wages and asks this court to reverse the trial court's summary judgment, thereby allowing a jury to decide the factual questions raised in her fraud claim.
We have examined the relevant statutory and case law regarding wage allowances for compensation purposes and disagree with the trial court's finding that the law is unsettled in this area. Section 25-5-57(b), Ala. Code 1975, provides in pertinent part as follows:
 "Whatever allowances of any character made to an employee in lieu of wages are *Page 1166 
specified as part of the wage contract shall be deemed a part of his earnings."
In Ex parte Murray, 490 So.2d 1238, 1240 (Ala. 1986), our supreme court stated as follows regarding the above-mentioned portion of the statute:
 "[U]nder Section 25-5-57(b), the term 'earnings' is comprised of three elements: (1) allowances of any character; (2) made to the employee in lieu of wages; and (3) specified as part of the wage contract."
The court in Murray held that employer-paid medical, hospitalization, and life-insurance premiums are fringe benefits constituting "allowances of any character" and are therefore includable in the computation of an employee's average weekly wage to determine benefits. In the subsequent case of Goodyear Tire Rubber Co. v. Gilbert, 521 So.2d 991
(Ala.Civ.App. 1987), this court found Murray to be dispositive of the question of whether employee-paid fringe benefits are includable in wage computation.
In the case at bar, the trial court reasoned that becauseMurray and Gilbert do not clearly stand for the proposition that employer-paid insurance premiums are always "made to the employee in lieu of wages" or that they are always "specified as part of the wage contract" (the second and third elements of "earnings" under § 25-5-57(b)), then, as a matter of law, Upchurch could not prevail under her theories of fraud. However, we find the questions of whether these fringe benefits were provided in lieu of wages and whether they were provided as part of the wage contract to be issues more properly determinable by the trier of fact. It is not, as the trial court apparently concludes, necessary that such fringe benefits are, in all cases, legally determined to be provided in lieu of wages and as part of the wage contract before plaintiffs may avoid summary judgment in actions for fraud.
Accordingly, we do not agree with the trial court's stated rationale for granting the defendants' motion for summary judgment. Rather, we find that the dispositive question before us is whether Upchurch met her burden of proof in order to overcome the defendants' motion. In other words, did Upchurch present clear and convincing evidence of the alleged claims against the defendants? See Tittle, 590 So.2d 880.
We conclude that, in view of the totality of circumstances, Upchurch has not presented evidence meeting the enhanced "clear and convincing" test of Lowman. She has failed to offer evidence sufficient to constitute clear and convincing proof of an intent on the part of the defendants to misrepresent or suppress facts relevant to her purported entitlement to have the fringe benefits paid by Hoyle factored into her wage computation.
In order to recover for fraudulent misrepresentation, a plaintiff must prove that the defendant made a false representation regarding a material existing fact; that the defendant knew the representation was false (or made the representation without regard to its truth or falsity) and intended to deceive the plaintiff; that the plaintiff was, in fact, deceived by the representation and justifiably relied upon it; and that the plaintiff was damaged as a result of the reliance. Patel v. Hanna, 525 So.2d 1359 (Ala. 1988)
While Upchurch correctly notes that Jones testified by deposition that she knew fringe benefits should be included in average weekly wage calculations, no clear evidence was adduced that such was the defendants' understanding at the time Jones calculated Upchurch's wages. Nor is there evidence that the defendants, during the relevant period, were aware that Upchurch was receiving fringe benefits from Hoyle or that they knew that the benefits were received as part of a compensation package in lieu of wages. No evidence was presented clearly showing that the defendants had reason to question the accuracy of the wage information provided to them by Hoyle, and no evidence was provided to show that the defendants were notified that Hoyle had, on May 8, 1989, discontinued payments for the subject insurance premiums. *Page 1167 
In order to recover under the theory of fraudulent suppression, a plaintiff must prove that the defendant suppressed a material existing fact that the defendant was under a duty to communicate and that the plaintiff relied to her detriment. Chapman v. Rivers Construction Co., 284 Ala. 633, 227 So.2d 403 (1969). Here, there was no evidence that the defendants had a legal duty to disclose to Upchurch that the law requires fringe benefits to be included in wage computation.
Simply stated, the evidence, when viewed in a light most favorable to Upchurch, was not "clear and convincing" and did not present an issue as to any material fact. Universal was entitled to a judgment as a matter of law. Rule 56, Alabama Rules of Civil Procedure.
Because Upchurch did not present clear and convincing evidence against the defendants that she is entitled to have a fraud claim presented to a jury, the summary judgment by the trial court is affirmed. The law is clear that a judgment must be affirmed if it is proper on any basis, even if the trial court entered the judgment for a wrong reason. Tucker v.Nichols, 431 So.2d 1263 (Ala. 1983).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.