THIGPEN, Judge.
This workmen’s compensation case has been before this court previously. See Fowler v. City of Huntsville, 601 So.2d 1002 (Ala.Civ.App.1992). There, this court determined that the statute of limitations for bringing the action was tolled by the employer’s payments to the injured employee. On remand, the trial court entered another detailed and thorough order, finding the employee’s loss of earning capacity to be 40.5%, and it awarded benefits accordingly. Hence, this appeal.
The issue raised by the employer in this appeal is whether the trial court erred in finding that the employee had suffered a loss of earning capacity. The employer argues that because the employee’s post-injury wages over a period of time exceed his pre-injury wages, there is no loss of earning capacity suffered by the employee.
The employee argues that the employer is estopped from appealing a finding of the trial court consistent -with the original appeal because the employer did not raise that issue on the original appeal. Without making a determination regarding that issue, we address the issue raised by the employer.
The comprehensive orders by the trial court in this case provide excellent tools for the parties and this court in the appellate process. In the orders, the trial court thoroughly details testimony and evidence from which it found the detailed facts of the case; it carefully recites the precise law governing the case; and it clearly pronounces its conclusions.
The two-step review process described by our Supreme Court in Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991), applies to our review of this ease. The first step requires that we determine whether any legal evidence supports the trial court’s findings of fact. If such evidence is found, the second step requires a determination of whether any reasonable view of that evidence supports the trial court’s judgment.
*897 Further detailing specifics in this case would serve no purpose. As noted in the first opinion
“[t]he trial court entered an order favoring the employer stating ‘But for the bar of the statute of limitations (Ala.Code § 25-5-80), this Court would hold that [Fowler] sustained an overall vocational impairment in the neighborhood of 31.5% to 42%, and, was entitled to permanent partial compensation accordingly.’”
Fowler at 1003. This court’s reversal of that judgment held that the employee’s claim was not time-barred. The cause was remanded for the trial court to consider the employee’s claim, and the application for certiorari was denied by the Supreme Court. Without holding an additional hearing, the trial court entered its judgment consistent with the remand instructions.
The employer argues that the employee’s post-injury earnings exceed his pre-injury earnings, and that fact, coupled with the length of time the employee has worked since the injury, proves that the employee has suffered no loss of earning capacity as a result of this injury. The employer also argues that the employee’s long period of post-injury earnings strengthens the presumption that the employee did not suffer a reduction in his earning capacity, citing All American Homes of Alabama v. Nichols, 523 So.2d 431 (Ala.Civ.App.1988). The ease sub judice is distinguishable. In All American, supra, there was an absence of evidence rebutting the presumption that post-injury earnings are commensurate with earning capacity.
When an employee’s post-injury earnings equal or exceed his pre-injury earnings, there exists a presumption that the employee has suffered no loss of earning capacity. Lankford, v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984). This presumption can be rebutted by independent evidence of incapacity, or evidence indicating that the employee’s post-injury earnings are an unreliable basis for determining earning capacity. Marley Erectors, Inc. v. Rice, 585 So.2d 1379 (Ala.Civ.App.1991). Factors which would indicate that post-injury earnings are an unreliable basis for estimating earning capacity include an increase in general wage levels since the time of the accident; a claimant’s greater maturity or training; longer hours worked by the claimant after the injury; disproportionately high wages paid to claimant out of sympathy; and the temporary and unpredictable character of post-injury earnings. Marley Erectors, supra.
The record is replete with independent evidence of incapacity. That evidence disclosed that the employee has permanent restrictions in his activities which prevent him from doing his job exactly as before, that he cannot perform certain work tasks without pain, and that he often must work “light duty” assignments due to physical restrictions. Record evidence revealed that the employee can no longer perform the heavy work or frequent overhead reaching that is required in his job, that because of his limitations he frequently requires assistance from co-workers to complete some of the duties of his job, and that he suffered a loss of access to 42% of the jobs that he could perform pre-injury. The record contains evidence regarding the negative impact the disability has on the employee’s earning capacity, his employability, and his ability to perform his job in the future.
Further evidence revealed that the employee maintained seniority due to almost 20 years employment with the employer, which gave him status he would not have elsewhere, and which demonstrated the unreliability of his post-injury earnings. There was testimony that if the employee went to work elsewhere, he would be required to begin at entry level wages, which would be a substantial loss of earnings. To further demonstrate the unreliability of post-injury earnings, there was evidence regarding the general wage level increase since the time of the injury, the employee’s greater maturity and training since the injury, and the payment of wages disproportionate to the employee’s capacity.
The record is replete with evidence regarding the negative effect of the disability on the employee’s earning capacity during his lifetime. Tkny reasonable view of all that *898 evidence supports the trial court’s judgment that the employee suffered a loss of earning capacity, notwithstanding his post-injury return to work for the employer for a substantial period of time at similar or higher wages. Consequently, that judgment must be affirmed.
Both briefs contain references, remarks, and retorts not related to the evidence and issues in the case sub judice. Counsel are reminded that “the sole purpose of [appellate briefs] is to present to this court the legal issues and arguments involved in the appeal.” Brannon v. Brannon, 477 So.2d 445, 448 (Ala.Civ.App.1985).
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.