MOORE, Judge.
 

 Viola Chancellor appeals from a summary judgment in favor of Charles E. White, Jr. (“White”), and Charles White Jr. Construction, L.L.C. (“the LLC”). We affirm in part, reverse in part, and remand.
 

 On March 9, 2007, Chancellor filed a complaint against White and the LLC, alleging claims of breach of contract, breach of warranty, failure to “work in a workmanlike manner,” negligence, and intentional tort. Chancellor’s claims arose from White’s performance under a contract to construct a house for Chancellor (“the contract”). In her complaint, Chancellor identified several specific actions upon which she based her claims, including the grading of the yard, the installation of a gas heater, the alleged failure to properly fill a hole in the yard, the pricing of counter-tops, and the alleged failure to fix a crack in the concrete patio. White and the LLC answered the complaint on April 19, 2007.
 

 White and the LLC filed a joint motion for a summary judgment on October 12, 2007, arguing that Chancellor had engaged in the spoliation of evidence. The LLC filed an additional motion for a summary judgment, arguing that it was not a party to the contract between White and Chancellor. Chancellor responded to those mo
 
 *1272
 
 tions on November 1, 2007. On December 12, 2007, the trial court granted both summary-judgment motions.
 

 Chancellor filed a postjudgment motion on December 21, 2007, and filed her notice of appeal to this court on January 15, 2008.
 
 [1]
 
 The appeal was held in abeyance until Chancellor’s postjudgment motion was denied by operation of law on March 20, 2008.
 
 See
 
 Rule 59.1, Ala. R. Civ. P., and Rule 4(a)(5), Ala. R.App. P.
 

 Facts
 

 In White and the LLC’s joint summary-judgment motion, they asserted that Chancellor had engaged in the spoliation of evidence. In support of this argument, they cited Chancellor’s deposition, in which she testified that, after she had filed her complaint, and without notifying White or the LLC, she had hired a landscaping company to fill holes in her yard and to grade the yard to prevent the flow of water into the crawl space under her house. Chancellor testified at one point in her deposition that the landscaping company had changed the slope and grade of the yard; however, she later testified that she “would think” that the slope and grade had been changed. She testified that she had someone “level” the yard, slope the yard, and plant seed. Chancellor stated that she had taken pictures of what the house and yard had looked like before the work had been done. Chancellor testified that she had not observed any water seeping into her crawl space since the changes, but she also stated that it had not rained since then.
 

 In her response to the joint summary-judgment motion, Chancellor admitted that she had had the back of her lot cleaned and seeded and that she had had the areas that were sunken and holding water filled with dirt. She attached a “deposition errata” sheet wherein she sought to alter her testimony that the grade of the yard had been changed because, she stated, she “is not an expert.” Chancellor also asserted that she did not know that she had to contact anyone to have “major maintenance work done on her yard.” In a “declaration” attached to her response, Chancellor stated that she had not intentionally and purposefully denied White and the LLC an opportunity to have an expert conduct an inspection of her house but, instead, only sought to maintain the safety of her house.
 

 Discussion
 

 I.
 

 On appeal, Chancellor first argues that the statement of undisputed facts in WRite and the LLC’s joint summary-judgment motion and in the LLC’s separate summary-judgment motion were not set forth plainly and concisely. Specifically, she argues that the statements of fact did not comply with Rule 26(f), Fed.R.Civ.P., and Rule 26.1 of the local rules for the federal northern district of Alabama. We note that these rules are inapplicable in Alabama state courts. She also cites Rule 56(c)(1), Ala. R. Civ. P., which requires:
 

 “The [summary-judgment] motion shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to
 
 *1273
 
 legal authority. Any supporting documents that are not on file shall be attached as exhibits.”
 

 Based on our review of the summary-judgment motions, we conclude that both motions were in compliance with Rule 56, Ala. R. Civ. P.
 

 II.
 

 As noted above, the trial court granted both the joint summary-judgment motion and the LLC’s separate summary-judgment motion. In Chancellor’s initial brief to this court, she made no arguments — other than the argument that we rejected in Part I — that the trial court had erred in granting the LLC’s separate motion for a summary judgment. Chancellor does, however, raise additional arguments regarding the LLC’s separate motion for a summary judgment in her reply brief. “Ordinarily, we do not consider
 
 issues
 
 raised for the first time in a reply brief.”
 
 McGough v. G & A, Inc.,
 
 999 So.2d 898, 905 n. 3 (Ala.Civ.App.2007). Thus, we decline to consider those arguments raised by Chancellor for the first time in her reply brief. Because we rejected Chancellor’s only argument directed at the LLC’s separate summary-judgment motion in Part I above, the trial court’s judgment granting that motion is due to be affirmed. Because we are affirming the summary judgment entered in favor of the LLC on its separate motion, we will address Chancellor’s arguments relating to the joint summary-judgment motion only in reference to White.
 

 III.
 

 Chancellor next argues that the trial court erred in entering a summary judgment based on spoliation of evidence. “The standard of review applicable to a summary judgment is the same as the standard for granting the motion.”
 
 McClendon v. Mountain Top Indoor Flea Market, Inc.,
 
 601 So.2d 957, 958 (Ala.1992).
 

 “A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmov-ing party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala.Code 1975, § 12-21-12;
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).”
 

 Capital Alliance Ins. Co. v. Thorough-Clean, Inc.,
 
 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de novo.
 
 Alabama Republican Party v. McGinley,
 
 893 So.2d 337, 342 (Ala.2004).
 

 “This Court has applied five factors in analyzing a spoliation-of-the-evidence issue: (1) the importance of the evidence destroyed; (2) the culpability of the offending party; (3) fundamental fairness; (4) alternative sources of the information obtainable from the evidence destroyed; and (5) the possible effectiveness of other sanctions less severe than dismissal.”
 

 Story v. RAJ Props., Inc.,
 
 909 So.2d 797, 802-03 (Ala.2005). In his summary-judgment motion, White asserted that the present case is nearly “on all fours” with
 
 Story.
 
 
 *1274
 
 Because we review a summary judgment “de novo,” we will now examine the evidence in light of the factors set forth in
 
 Story.
 

 1.
 
 The Importance of the Evidence Destroyed
 

 “The importance of the evidence destroyed must be evaluated in the context of the importance of the evidence preserved or otherwise available.”
 
 Story,
 
 909 So.2d at 803. In
 
 Story,
 
 the plaintiff filed a claim against a home builder alleging defects in the material used in the construction of a house. 909 So.2d at 799. After the complaint was filed, but before the home builder’s expert inspected the house, the plaintiff had the material removed, the damage repaired, and the house reclad with a brick exterior. 909 So.2d at 799-800. The home builder’s expert testified that he had inspected the house but that, due to the repairs, it was impossible for him to determine the extent and cause of any damage. Although the plaintiff had taken photographs of the house before the repairs had been made, the home builder presented testimony from his experts indicating that they were unable to determine the extent or cause of the damage to the house based on the photographs. 909 So.2d at 802.
 

 In White’s summary-judgment motion in the present case, White noted that Chancellor had repaired her yard after she took photographs and had a home inspector inspect it, but before White’s expert could examine it. White argues that, because of Chancellor’s actions, he is unable to determine the extent and cause of any damage and, therefore, has been subjected to great prejudice. We note, however, that White presented no evidence indicating that he had had an expert inspect the yard. There is no testimony from White or any expert indicating that it would be impossible to determine from an inspection of the yard, the report of the home inspector retained by Chancellor, or the photographs that Chancellor had taken the extent and cause of any damage.
 

 2.
 
 Culpability of the Offending Party
 

 “In a case of classic spoliation, ‘the offending party “purposefully” and “wrongfully” destroyed evidence “he knew was supportive of the interest of his opponent.” ’
 
 Vesta Fire [Ins. Corp. v. Milam & Co. Constr.],
 
 901 So.2d [84] at 96 [ (Ala.2004) ] (quoting
 
 May v. Moore,
 
 424 So.2d 596, 603 (Ala.1982), and citing
 
 Alabama Power Co. v. Murray,
 
 751 So.2d 494, 497 (Ala.1999)). We have approved of the sanction of the entry of a summary judgment against a plaintiff for spoliation of the evidence where all relevant evidence was destroyed and the plaintiff fully appreciated the significance of the evidence to the anticipated litigation.
 
 See Verchot [v. General Motors Corp.],
 
 812 So.2d 296 [ (Ala.2001) ], and
 
 [Capitol Chevrolet, Inc. v.] Smedley,
 
 614 So.2d 439 [ (Ala. 1993) ]. We have reversed a summary judgment based on spoliation of the evidence where the plaintiff did not act willfully in destroying the evidence.
 
 See Joyner v. [B & P] Pest Control, Inc.,
 
 853 So.2d 991 (Ala.Civ.App.2002).”
 

 Story,
 
 909 So.2d at 804. Chancellor, citing
 
 Joyner v. B & P Pest Control, Inc.,
 
 853 So.2d 991 (Ala.Civ.App.2002), argues that White failed to show that her conduct was willful. We, however, find that the facts of
 
 Joyner
 
 are clearly distinguishable. In
 
 Joyner,
 
 the relevant evidence had been “mistakenly disposed of.” 853 So.2d at 996. That is not the case here. Further, Chancellor clearly appreciated the importance of the evidence because she had the yard inspected and took pictures of the yard before having the repairs done.
 

 
 *1275
 

 3.Fundamental Fairness
 

 As to fundamental fairness, we note that Chancellor had the opportunity to have the yard inspected before the repair work was done. However, without any testimony from White or an expert as to the extent of the prejudice Chancellor’s actions have caused, we cannot say that it would be fundamentally unfair for White to have to defend against Chancellor’s allegations under these circumstances.
 

 4.
 
 Alternative Sources of Information
 

 As explained above, White failed to present evidence indicating that Chancellor’s photographs or the home inspector’s report would not be a viable alternative source of information in preparing his defense. Further, there was no evidence indicating that White or his expert had attempted an inspection and found such an attempt to be futile.
 

 5.
 
 Restriction of Claims; Alternative Sanctions
 

 “[I]n fashioning a remedy for a plaintiffs spoliation of the evidence, the trial court may restrict the plaintiffs claims to those based on the remaining evidence. It may also disallow or restrict any claim predicated indispensably on evidence no longer available.”
 
 Story,
 
 909 So.2d at 805-06. In the present case, even if the other factors weighed in favor of a summary judgment based on spoliation of the evidence, the trial court had the option to simply restrict Chancellor’s claims to those based on evidence that has not been destroyed. In Chancellor’s complaint, she alleged several defects, many of which are unrelated to the grading of the yard. Because there has been no evidence presented to show that
 
 any
 
 claim in this case is “predicated indispensably on evidence no longer available,” consideration of this factor is not helpful at the present procedural juncture of this case.
 
 [2]
 

 Based on the foregoing, we conclude that White failed to present substantial evidence weighing in his favor on the relevant factors set out in
 
 Story.
 
 “[T]his Court has a ‘long-established and compelling policy objective of affording litigants a trial on the merits whenever possible.’ ”
 
 Story,
 
 909 So.2d at 806 (quoting
 
 Iverson v. Xpert Tune, Inc.,
 
 553 So.2d 82, 89 (Ala.1989)). Accordingly, we conclude that White failed to meet his initial burden in his summary-judgment motion; thus, the trial court erred in entering a summary judgment in White’s favor.
 

 IV.
 

 Chancellor also advances several arguments regarding the merits of her complaint. We note, however, that White’s summary-judgment motion was not based on the merits of Chancellor’s claims. Instead, the motion was based solely on the argument that Chancellor had engaged in the spoliation of evidence. Accordingly, we do not address the merits of Chancellor’s claims.
 

 Conclusion
 

 Based on the foregoing, we affirm the summary judgment entered by the trial court as to the LLC; we reverse the summary judgment entered in favor of White and remand this cause for further proceedings consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . This court transferred the appeal to the Alabama Supreme Court on February 28, 2008, for lack of subject-matter jurisdiction; that court then transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7.
 

 [2]
 

 . We note that this factor may be helpful to the trial court further into the proceedings.