MOORE, Judge.
Anita Martin (“the employee”) appeals from a summary judgment entered by the Mobile Circuit Court (“the trial court”) in favor of Austal USA, LLC (“the employer”), on the employee’s claim for workers’ compensation benefits, based on its deter *981 mination that the statute of limitations had run. We affirm the trial court’s judgment.

Facts and Procedural History

On September 3, 2014, the employee filed a complaint against the employer seeking workers’ compensation benefits. In her complaint, the employee alleged, among other things, that she had suffered an occupational disease that arose out of her employment with the employer, that she was disabled as a result of the occupational disease, and that the injury occurred on or about September 3, 2012, at which time the relationship of employer and employee existed between her and the employer. The employer filed an answer to the complaint on October 3, 2014, asserting a number of affirmative defenses, including a statute-of-limitations defense. On January 26, 2015, the employer filed a motion for a summary judgment, arguing that the employee’s complaint was barred by the applicable statute of limitations. The employer attached to its motion, among other things, the affidavit of John Gaughan, the employer’s human-resources manager. Gaughan stated in his affidavit that the employer had hired the employee on June 21, 2010; that the last date the employee had worked for the employer was July 29, 2012; and that, on September 3, 2012, the employee was out of work on a leave of absence under the federal Family and Medical Leave Act (“the FMLA”), 29 U.S.C. § 2601 et seq.
The employee filed a statement in opposition to the employer’s summary-judgment motion, arguing that the running of the statute of limitations had been tolled by the employer’s payment of compensation to the employee during the period she was on leave from her employment under the FMLA. The employee attached to her statement in opposition, among other things, her affidavit and a copy of her health-care provider’s certification of her condition, which had been submitted -with her request for leave under the FMLA. In her affidavit, the employee stated that she began working for the employer on June 21, 2010; that she had been exposed to noxious fumes and metal particulates during her employment with the employer; that she began experiencing a severe cough, dizziness, and cold-like symptoms in March 2012, for which she had sought treatment; that she had reported her diagnosis to the employer in April 2012 and had provided to the employer the doctor’s notes excusing her from work; that her condition had worsened and the employer had responded by granting her application for leave pursuant to the. FMLA; that the employer had not treated her illness as a work-related injury and had allowed her to take leave under the FMLA, which extended through November 1, 2012; that she had received a certified' letter from the employer dated November 5, 2012, notifying her that, as of November 1, 2012, she had exhausted the 12 weeks of leave to which she had been entitled under the FMLA; and that, shortly thereafter, she had been informed that her position with the employer could not be held any longer. The FMLA certification, signed by Dr. Randall Hall, the employee’s doctor, on August 17, 2012, indicates that, at that time, the employee was unable to perform any of her job functions as a result of her ■condition. In response to an inquiry on the certification form as to what job functions the employee could not perform, Dr. Hall had responded: “Exposure to noxious fumes & particulates.” The employee also indicated in her affidavit that she had" enrolled in the company’s short-term-and long-term-disability programs and she attached copies of short-term-disability-pay-mént requests that she had made and that had been approved by the employer.
*982 The trial court entered an order granting the employer’s summary-judgment motion on April 10, 2015. The employee timely filed her notice of appeal to this court on May 21,2015.
Standard■ of Review
“‘The standard of review applicable to a summary judgment is the same as the standard for granting the motion.’ McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“ ‘A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(8), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present “substantial evidence” creating a genuine issue of material fact — “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 689 So.2d 1349, 1350 (Ala.1994). Questions of law-are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).”
Chancellor v. White, 34 So.3d 1270, 1273 (Ala.Civ.App.2008).

Discussion

The employee argues on appeal that the trial court erred in entering a summary judgment in favor of the employer based on the statute of limitations. Section 25-5-117(a), Ala.Code 1975, a portion of the Alabama Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq., requires that claims based on the contraction of an occupational disease be filed “within two years after the date of the injury,” which, for occupational diseases other than pneumoconiosis, is defined in § 25-5-117(b) as “the date of the last exposure to the hazards of the disease in the employment of the employer in whose employment the employee was last exposed to the hazards of the disease.” Section 25-5-117(a), Ala.Code 1975, provides, in pertinent part, that, if “payments of compensation have been made, the limitations as to. compensation shall not take effect until the expiration of two years from the time of making the last payment.” In its, summary-judgment motion, the employer argued that the employee’s “date, of last exposure” occurred on July 29, 2012, her last day worked. The parties agree that, on September 3, 2012, the date of injury asserted in the employee’s complaint, the employee was on leave under the FMLA. The employee argues on appeal that, because she had obtained employer-sponsored short-term-disability benefits, the running of the statute of limitations was tolled.
In Fowler v. City of Huntsville, 601 So.2d 1002, 1003 (Ala.Civ.App.1992), Fowler sought workmen’s compensation benefits for an on-the-job injury he had allegedly sustained during his employment with the City of Huntsville. Following Fowler’s accident, Fowler received “injury days” in *983 accordance with the City’s benefits, and Fowler also received full pay for light-duty work or for less than full work. Id. at 1004. Additionally, Fowler received some benefits from the City for his injury, as late as almost two years after the date of his injury; however, the City considered those payments “fringe benefits,” rather than compensation for an injury. Id. In determining that.the “fringe benefits” provided by the City were compensation payments that tolled the running of the statute of limitations, this court stated, in pertinent part:
“The law is well-settled that payment of full pay for lighter work may constitute the payment' of compensation that will toll the statute of limitations. Mobile County v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). Three factors control whether such wages toll, the statute: ‘(1) whether the employer was aware, or should have been aware, that such payments were compensation, (2) whether the payments had the effect of recognition of the employee’s claim, and (3) whether or not the evidence indicates that the employer paid for more than he received.’ Head v. Triangle Construction Company, 274 Ala. 519, 523, 150 So.2d 389, 393 (1963).
“In 'the instant case, the evidence is undisputed that the employer paid Fowler full pay for lighter work. The record is fraught with a clear path of letters, personnel papers, testimony, and other documentary ■ evidence indisputably establishing the employer’s awareness of Fowler’s on-the-job accident and the resulting disability, which required Fowler to be absent from work or to perform lighter work. The undisputed testimony of the employer’s personnel director indubitably confirms that the payments made by the employer to Fowler were benefits designed to compensate Fowler, as an employee who suffered an on-the-job injury, which effectively recognized Fowler’s claim for disability compensation.
“To agree with the argument of the employer here that such ‘fringe benefits’ are not compensation, could result in denying an employee?s right to workmen’s compensation benefits. It is understandable how an injured employee, such- as Fowler, who is receiving such ‘fringe benefits’ from ah employer, could be lulled into believing that such payments from the employer are compensation for an on-the-job injury. A disabled employee would have no need to file an action seeking statutory workmen’s compensation' benefits as long as compensatory ‘fringe benefits’ are being paid by the employer.' At some point when the ‘fringe benefits’ end, it may be too' late for the injured employee to recover for a disabling- injury. Such interpretation does not comport with - the beneficent purposes of the workmen’s compénsation statutes. Additionally, these ‘fringe benefits’ extended by the employer to its employees are included in the categories ■previously determined to be within the ‘allowances of any character’ provision of Ala.Code 1975, § 25-5-57(b)[,] and are includable' in computing an employee’s wages. Ex parte Murray, 490 So.2d 1238 (Ala.1986); Goodyear Tire & Rubber Company v. Gilbert, 521 So.2d 991 (Ala.Civ.App.1987). The rationale in Murray, supra was that if the computation is to determine what has been lost, then fringe benefits must be included.”
Id. at 1004-05..
Unlike in Fowler, at the time the employer ,in this case paid the employee short-term-disability benefits, the employer had no information that the employee was claiming that she had contracted her chronic illness from work-related exposure. Dr. Hall did state in the FMLA certifica *984 tion form that, due to her illness, the employee could not work in an environment exposing her to noxious fumes and particulates. However, Dr. Hall did not state that the employee had contracted the illness from her work environment or otherwise render any opinion as to the cause of her illness. The employee did not offer any evidence, in her affidavit or otherwise, indicating that she had informed the employer that she claimed her illness resulted from work-related exposure. Crucially, the record does not indicate that the employer acknowledged that the employee was claiming she had contracted her illness from her work environment and that the employer had paid her short-term-disability benefits as compensation for a work-related occupational disease.
The present case is more comparable to Belser v. American Cast Iron Pipe Co., 356 So.2d 659 (Ala.Civ.App.1978). In Bel-ser, this court concluded that, although Belser, the employee in that case, had received “sick pay” from his employer, American Cast Iron Pipe Company (“ACIPCO”), during a nine-month period in which he did not work due to a pulmonary embolism, that “sick pay” did not constitute payments of compensation for the purpose of tolling the running of the statute of limitations for Belser’s workmen’s compensation claim. Id. at 661-63. Specifically, we noted that those payments did not recognize Belser’s claim to workmen’s compensation because the payments had been construed as “sick pay” and no workmen’s compensation deductions had been made from Belser’s “sick pay” check; because there was insufficient evidence indicating that ACIPCO was aware of the fact that Belser was suffering from an occupational disease as a result of his employment and had therefore sought to compensate him for his condition by means of “sick pay” benefits; and because the “sick pa/’ benefits had been paid to Belser pursuant to an established company policy that treated all employees alike in regard to ACIPCO’s sick-leave plan. Id. at 662-63. This court also considered the fact that, at the time the “sick pay” benefits were paid to him, Belser was not yet aware of the condition upon which he had ultimately based his demand for workmen’s compensation benefits. Id. at 662. We therefore concluded that the “sick pay” benefits did not amount to compensation such that the statute-of-limitations period for filing a workmen’s compensation claim had been tolled.
As in Belser, the evidence in the record in this case shows only that the employee received short-term-disability benefits pursuant to an employer-sponsored plan. No evidence in the record suggests that the employer paid those benefits because the employee claimed she had contracted her illness from her employment conditions.
The employee also cites American Cyanamid v. Shepherd, 668 So.2d 26 (Ala.Civ.App.1995). In that case, this court held that the statute of limitations for filing a workers’ compensation claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his or her injury. 668 So.2d at 28. However, the employee does not clearly articulate how that case applies to the situation in this case. The employee began missing work due to her illness as early as June 2011. Dr. Hall diagnosed her illness as chronic bronchitis in April 2012. The employee claims she could not have become aware that her illness was work related until August 2012, when Dr. Hall issued the FMLA certification. Even if Shepherd applied so that the statute of limitations did not begin to run until August 2012, the period to file the workers’ compensation claim would have expired in *985 August 2014, a month before the employee filed her complaint.
The trial court’s judgment concluding that the employee’s complaint was time-barred is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.